## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**JACQUELINE C. SEDWICK**                                                            **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:06CV-242-R**

**RESCARE, INC.**                                                                    **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Jacqueline C. Sedwick filed a *pro se* complaint against ResCare, Inc., alleging racial discrimination in the employment setting. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

On initial review of the complaint, the Court will dismiss the 42 U.S.C. §§ 1983 and 1985 claims as time barred, will construe the action as additionally asserting a cause of action under Title VII, and will allow the Title VII and state-law claims to proceed past initial review.

### I. SUMMARY OF CLAIMS

Plaintiff reports that on September 7, 2004, she began employment as the Trainee Employee Assistance Program ("TEAP") Coordinator at the Whitney M. Young Job Corps Center in Simpsonville, Kentucky. The primary contractor, according to Plaintiff, was Education Management Corporation,[1] and the subcontractor was Defendant ResCare, Inc., her

---

[1] Plaintiff has also filed suit against Education Management Corporation. *See* Civil Action No. 3:06CV-241-S.

employer. In the complaint, Plaintiff alleges various incidents of harassment and discrimination occurring from her first day of employment on September 7, 2004, and continuing until her termination on February 3, 2005. To her complaint, Plaintiff attaches a Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC").

Seeking damages, Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 to obtain redress for the deprivation and conspiracy to deprive her of her First, Fifth, and Fourteenth Amendment rights. She additionally alleges state-law claims of intentional infliction of emotional distress and defamation.

## II. ANALYSIS

### A. 42 U.S.C. §§ 1983 and 1985[2]

Sections 1983 and 1985 do not contain a statute-of-limitations period. Federal courts thus look to state law for statutes of limitations under those sections. *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Kentucky, the claims arising under §§ 1983 and 1985 are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a) and (c),[3] respectively. *See Bowden v. City of Franklin, Ky.*, 13 Fed. Appx. 266, 272 (6th Cir. 2001) (advising that "the applicable statute of limitations for any claim arising under either Section 1983 or 1985(3) is one year" and citing to § 413.140(a) and (c)); *Collard v. Ky. Bd. of Nursing*,

---

[2] Section 1985 contains three subsections and five broad categories of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Although Plaintiff fails to specify under which portion of the statute she brings her conspiracy claim, the Court construes the complaint as asserting a claim under the first portion of § 1985(3). *Id.* at 724 (explaining that the first portion of § 1985(3) is concerned with "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws'"). That section is the only section applicable to the facts as alleged by Plaintiff.

[3] Pursuant to 413.140(1), "The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant; . . . (c) An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; . . . ."

896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) ("[W]e hold that [the alleged § 1985(3)] claim is subject to the same limitation period as that which we have applied to the alleged § 1983 violations.").

Plaintiff asserts alleged wrongs which occurred during her employment with ResCare, Inc. from her first day on September 7, 2004, until her termination on February 3, 2005. Plaintiff did not file her complaint, however, until May 22, 2006, over a year after the date of her termination. And "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Kessler v. Bd. of Regents*, 738 F.2d 751, 755 (6th Cir. 1984) ("When allegations of discrimination involve a termination from employment, the critical date is the date of termination; the existence of a grievance procedure does not change the importance of this date.") (citing *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)). Accordingly, the §§ 1983 and 1985 claims will be dismissed as frivolous.

### B. Title VII and state-law claims

Because Plaintiff is alleging racial discrimination in the employment setting and attaches to her complaint a Notice of Right to Sue issued by the EEOC, the Court construes her action as also arising under Title VII of the Civil Rights Act of 1964. The Court will allow that claim to proceed by directing service on Defendant. The Court will also allow the state-law claims of intentional infliction of emotional distress and defamation to continue against Defendant. In allowing the case to go forward, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
Defendant
4413.005